IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMOS MASON, | § |
| | § |
| *Plaintiff,* | § |
| | § CIVIL ACTION NO. 3:22-cv-1805 |
| v. | § JURY TRIAL DEMANDED |
| | § |
| BRAUM'S, INC., | § |
| | § |
| *Defendant.* | § |

## DEFENDANT BRAUM'S INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, Braum's, Inc. (hereinafter "Defendant") hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Braum's, Inc. sets forth the following "short and plain statement of the grounds for removal."

### I.
### THE REMOVED CASE

1. The removed case is a civil action filed with the 193rd Judicial District Court of Dallas County, Texas, on February 18, 2022 styled *Amos Mason v. Braum's, Inc.* under Cause No. DC-22-01597 (the "State Court Action").

### II.
### DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), Braum's, Inc. attaches the following documents to this Notice of Removal:

    (a)    A list of all parties in the case, their party type and current status;

    (b)    A civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter- claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

    (c)    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

    (d)    A record of which parties have requested trial by jury; and

    (e)    The name and address of the court from which the case is being removed.

### III.
### REMOVAL PROCEDURE

3.    Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Court for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Dallas Division of the Northern District Court of Texas is the United States district and division embracing Dallas County, Texas, and the county in which the State Court Action is pending.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as ***Exhibit "A"*** and incorporated herein for all purposes.

5. Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 193rd District Court, Dallas County, Texas, where the action is currently pending.

## IV.
## REMOVAL IS TIMELY

6. According to the State Court Action file, Defendant Braum's, Inc. was served with a copy of Plaintiff's Original Petition ("Petition") on February 15, 2022 by serving CT Corporation Service Company at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered agent for service of process.

7. The thirtieth day after service of the Petition on Braum's, Inc fell on March 17, 2022. However, in the Petition, Plaintiff plead that "pursuant to Texas Rule of Civil Procedure 47(c), she seeks monetary relief of not more than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." Plaintiff further plead that "the amount in controversy in this matter does not exceed $75,000," a limiting statement that is not in compliance with Texas Rule of Civil Procedure 47(c). Because of the confusion caused by Plaintiff's damages statements, Defendant sent correspondence to Plaintiff's counsel on March 14, 2022 advising that Defendant did not have adequate notice of the actual maximum amount

of damages Plaintiff seeks in this lawsuit.[1] The letter was accompanied by a proposed Stipulation of Damages ("Stipulation") and requested that Plaintiff sign the Stipulation definitively limiting the total amount of her damages to no more than $74,000. Plaintiff was asked to return Stipulation by no later than March 18, 2022. Defendant did not receive the signed Stipulation.

8.  On April 28, 2022, Defendant followed up with Plaintiff's counsel on the requested Stipulation and sent counsel another copy via email.[2], Defendant se this Notice of Removal is being filed within the time limits specified in 28 U.S.C. § 1446(b)(3).

9.  On May 3, 2022, Defendant called Plaintiff's counsel and left a voice message regarding the status of the signed Stipulation and followed the call with an email.[3] Plaintiff did not respond to Defendant's request for the signed Stipulation.

10. On May 4, 2022, Defendant received a voicemail message from Plaintiff's counsel advising that she was "looking at the Plaintiff's medical specials and would need until the following Friday (May 13, 2022) to confirm if they will agree to the Stipulation.  Defendant again followed up with Plaintiff's counsel via email regarding the Stipulation.[4] Plaintiff's counsel did not respond to Defendant's email nor advise whether Plaintiff would agree to the Stipulation.

---

[1] *See attached* Exhibit "C."
[2] *See attached* Exhibit "D."
[3] *See attached* Exhibit "E."
[4] *See attached* Exhibit "F."

11. Defendant followed up Plaintiff's counsel several additional times via email including May 20, 2022, June 1, 2022, July 18, 2022, and July 26, 2022.[5]

12. After waiting more than 4 months for Plaintiff to sign the Stipulation, Defendant sent one last email to Plaintiff's counsel on July 27, 2022, advising that Defendant would remove the case to federal court, if Defendant did not receive a response and/or the signed Stipulation by no later than July 29, 2022.[6]

13. Defendant has filed this Notice of Removal within thirty days after the existence of papers indicating that the Plaintiff's damages are not limited to less than $75,000. Specifically, after Plaintiff failed to respond to Defendant's July 27, 2022 email advising of Defendant's intention to remove the State Court Action to federal court if Plaintiff did not respond by July 29, 2022, this case became removable to the United States District Court for the Northern District of Texas. Defendants, therefore, contend that this removal is timely made.[7]

## V.
## VENUE IS PROPER

14. The United States District Court for the Northern District of Texas – Dallas Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the District Court, Dallas County, Texas, is located within the jurisdiction of the United States District Court for the Northern District of Texas – Dallas Division.  The Braum's store (Braum's #201) in question is located

---

[5] *See* attached Exhibit "G."
[6] *See* attached Exhibit "H."
[7] *See*, 28 U.S.C. § 1446(b)(3).

at 907 S. Cockrell Road, in Dallas County, City of Duncanville, Texas 75137, where the alleged incident giving rise to this lawsuit occurred.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

15. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

16. As admitted in the Original Petition, Plaintiff is a resident of Dallas, Texas (Dallas County) and is domiciled there. As such, Plaintiff is a citizen of Texas.

17. BRAUM'S, INC. is a foreign corporation organized and existing under the laws of the State of Oklahoma with its principal place of business located in Oklahoma County, Oklahoma at 3000 N.E. 63rd Street, Oklahoma City, Oklahoma. Accordingly, BRAUM'S, INC. is a citizen of the state of Oklahoma.

18. Because Plaintiff is a citizen of the State of Texas and Defendant B BRAUM'S, INC. is not, complete diversity of citizenship exist between the parties to this lawsuit pursuant to 28 U. S.C. § 1332.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

19. Plaintiff alleges in his Petition that he seeks "monetary relief in an amount not over $75,000.00."[8] This assertion "violates Texas Rule of Civil Procedure

---

[8] *See* Pl. Original Petition at p. 1, ¶3.

47[;] [ ] and was made in a bad-faith attempt to avoid federal jurisdiction[;]"[9] and should be disregarded."[10]

20. For a lawsuit originally filed in Texas state court, there is only one way for a Plaintiff to prove with legal certainty that Plaintiff will not be able to recover more than $75,000: filing—with the Petition—a binding stipulation or affidavit, i.e., stipulation or affidavit stating Plaintiff both:

(a) affirmatively seeks less than the jurisdictional threshold ($75,000); and

(b) Plaintiff will not accept an award that exceeds that threshold ($75,000).

21. Here, Plaintiff did not file—with the Petition—a stipulation or affidavit stating Plaintiff both (1) affirmatively seeks less than $75,000 and (2) will not accept an award that exceeds $75,000. Further as demonstrated herein, Plaintiff has refused to sign a Stipulation limiting his damages to less than $75,000.

22. It apparent from the face of the Plaintiff's pleading and most importantly, by Plaintiff's refusal to sign a Stipulation limiting the amount of his damages, that Plaintiff has no intention of abiding by the statement he made in his Petition that his damages do "not exceed $75,000." If Plaintiff's damages are truly less than $75,000 as he claims in his Petition, he would have signed the Stipulation Defendant provided several time over the last 6 months, agreeing to limit his

---

[9] *Perez*, 2017 WL 3274894, at *2 (discussing a similar Petition statement), at **2–3 (analyzing and disregarding a similar Petition statement), at *3 (stating, "Plaintiff was prohibited from pleading this amount of damages pursuant to Rule 47 and cannot avoid removal by purporting to limit her damages in this manner. [Citation omitted].").
[10] *Perez*, 2017 WL 3274894, at **2–3 (disregarding a similar Petition statement); *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) (disregarding a similar Petition statement).

MASON / BRAUM'S INC.'S NOTICE OF REMOVAL                                                                                                PAGE | 7
DOC# 8253773 / 11023.00003

damages to less than $75,000. Instead, Plaintiff has completely ignored Defendant's repeated attempts to confirm that the maximum amount of his damages do not exceed $75,000. Thus, Plaintiff cannot meet the legal-certainty test to refute that the amount in controversy exceeds $75,000.

23. Based on the aforementioned facts, the State Court Action may be removed to this Court by BRAUM'S, INC. in accordance with the provisions of 28 U.S.C. § 1441(a) and 8 U.S.C. § 1446(b)(3) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy, exceeds $75,000, exclusive of interest and costs based on Plaintiff's refusal to sign a Stipulation limiting his damages to less than $75,000.

## VIII.
## FILING OF REMOVAL PAPERS

24. Pursuant to 28 U.S.C. §§ 1446(d) BRAUM'S, INC. is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the 193rd District Court, Dallas County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

25. Based on all of the foregoing, Defendant BRAUM'S, INC. hereby removes the State Court Action from the 193rd Judicial District, Dallas County, Texas, and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas – Dallas Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 North St. Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / F: 214.379.6939

By: /s/ Robin R. Gant
   Robin R. Gant
   State Bar No. 24069754
   E-Mail: rgant@mayerllp.com
   Amy Agnew
   State Bar No. 24048325
   E-Mail: aagnew@mayerllp.com

*Attorneys for Defendant*
*Braum's, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that on August 16, 2022, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

CHLOE JOHNSON
DASPIT LAW FIRM
1200 Summit Ave., Ste. 504
Fort Worth, Texas 76102

*Counsel for Plaintiff*

☐ E-Mail ((cjohnson@daspitlaw.com))
☐ Hand Delivery
☐ Facsimile
☐ Overnight Mail
☐ Regular, First Class Mail
☒ CM/ECF
☐ E-Service Only
☐ Certified Mail/Return Receipt Requested

 /s/ *Robin R. Gant*
 Robin R. Gant