# EXHIBIT 2

Case 3:22-cv-01805-G   Document 1-3   Filed 08/16/22   Page 2 of 8   PageID 19

1 CIT/ESERVE

FILED
2/8/2022 3:08 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

DC-22-01597

CAUSE NO. _____

| | | |
|---|---|---|
| **AMOS MASON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BRAUM'S, INC.** | § | |
| | § | 193rd |
| *Defendant.* | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Amos Mason (hereinafter, "Plaintiff") complains of Defendant Braum's, Inc. (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4. Plaintiff is an individual residing in Dallas County, Texas.

5. Defendant, Braum's, Inc., (hereinafter "Defendant"), is an Oklahoma corporation engaged in business in Dallas County, Texas. Defendant may be served with process through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## Misnomer and Alter Ego

6. In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of Braum's, Inc.

## Facts

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about December 28, 2021. At that time, Plaintiff was an invitee at Defendant's store at 907 S Cockrell Hill Rd, Duncanville, TX 75137, in Dallas County, Texas. Plaintiff was walking out of the bathroom when he slipped and fell on the floor in the front entry way of the store. An employee was mopping the floor and did not place a yellow, "Wet Floor" visible in the aisles approaching the front entry way. The fall on the ground caused Plaintiff to suffer severe injuries to his left shoulder, left hip, right knee and other parts of his body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

8. At the time of the incident in question, Plaintiff was an invitee to the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could

not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

9. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make the defective condition existing on Defendant's premises safe.

10. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

11. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

### Damages

13. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

15. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

16. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

17. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

18.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Chloe Johnson*
**Chloe Johnson**
Texas State Bar No. 24111175
1200 Summit Ave, Suite 504
Fort Worth, Texas 76102
Telephone: (817) 618-3850
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
          cjohnson@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ___11___ day of August, A.D., 2022.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy
Orfa Palacios

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rashima London on behalf of John Daspit
Bar No. 24048906
rashima@daspitlaw.com
Envelope ID: 61553059
Status as of 2/10/2022 3:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alma Lira | | Alira@proactivelegal.com | 2/8/2022 3:08:50 PM | SENT |
| DLF Intake | | intake@daspitlaw.com | 2/8/2022 3:08:50 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 2/8/2022 3:08:50 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 2/8/2022 3:08:50 PM | SENT |
| Chloe Johnson | | cjohnson@daspitlaw.com | 2/8/2022 3:08:50 PM | SENT |
| Rashima London | | rashima@daspitlaw.com | 2/8/2022 3:08:50 PM | SENT |